IN THE CIRCUIT COURT FOR THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

**DALE CATO,**

     **Plaintiff,**                                  **CASE NO.:**

**v.**

**KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A., INC., a Foreign
Profit Corporation,**

     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, DALE CATO ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, KONICA MINOLTA BUSINESS SOLUTIONS, U.S.A., INC., ("Defendant"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"), and alleges the following:

## PARTIES, JURISDICTION, AND VENUE

     1.     This is an action for damages exceeding $15,000.00, exclusive of attorneys' fees and costs.

     2.     Plaintiff is an adult individual who resides in Orange County, Florida, and who worked for Defendant, performing non-exempt duties, as a non-exempt employee in Orange County, Florida.

     3.     Defendant is a Foreign Profit Corporation, who, at all times relevant, employed Plaintiff in Orange County, Florida, and who operates and conducts business in, among other places, Orange County, Florida, and is therefore, within the jurisdiction of this Court.

     4.     Venue is proper as Plaintiff worked for Defendant in Orange County, Florida,

and the actions giving rise to these claims arose in Orange County, Florida.

## PARTIES

5.     At all times material hereto, Plaintiff was a resident of Orange County, Florida.

6.     At all times material hereto, Defendant was operating a business in Orange County, Florida, at which Plaintiff worked.

7.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9.     At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

12.     At all times relevant hereto, Defendant had more than two employees.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA.

15.     At all times hereto, Plaintiff was engaged in the production of goods for

commerce, or providing services in commerce, and subject to the individual coverage of the FLSA.

16.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17.     Plaintiff worked as a non-exempt employee for Defendant from March 30, 2014, until his termination on May 11, 2018.

18.     Throughout his employment, Plaintiff estimates that he regularly worked an average of sixty-five (65) hours per week.

19.     As such, Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

20.     Defendant, however, intentionally and knowingly failed to compensate Plaintiff at time and one half his regular rate of pay for all hours worked in excess of forty (40), as required by the FLSA.

21.     Defendant therefore violated Title 29 U.S.C. §207 in that:

    a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    b.     No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c.     Defendant failed to maintain proper time records as mandated by the

FLSA.

22.     Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

23.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

24.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

25.     Based on the allegations in Paragraphs 22-24, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

26.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

27.     Plaintiff re-alleges and reavers paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28.     During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

29.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

30.     Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

31.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

32.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.    Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Awarding Plaintiff pre-judgment interest; and

f.    Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th of October 2019.

/s/**Robert D. Pecchio**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Robert D. Pecchio, Esq.
Florida Bar No. 1005955
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
Email: noah@floridaovertimelawyer.com
Email: robert@floridaovertimelawyer.com

*Attorneys for Plaintiff*