## SETTLEMENT AGREEMENT AND FLSA RELEASE

This SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made by and between DALE CATO ("CATO") and KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC. ("KMBS") (collectively referred to as the "Parties").

WHEREAS, CATO filed a lawsuit in the United States District Court, Middle District of Florida, Case No. 6:19-cv-2103 against KMBS alleging claims under the Fair Labor Standards Act ("FLSA") (the "Lawsuit");

WHEREAS, KMBS denies it owes CATO minimum wages or overtime compensation or violated the FLSA, or violated any other law in any way; and

WHEREAS, the Parties desire to settle the Lawsuit in order to avoid the expense and distractions of litigation.

NOW, THEREFORE, FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    Definitions

a.      "KMBS" includes its parents, subsidiaries, predecessors, successors, affiliates, members, managers, directors, officers, shareholders, insurers, employees, agents, attorneys and representatives, both individually and in their official capacities, existing at any time prior to this Agreement, whether known or unknown, from the beginning of the world until the Effective Date of this Agreement.

b.      "CATO" includes his heirs, executors, administrators, successors, assigns, and agents.

## EXHIBIT A

*Settlement Agreement and FLSA Release*
*Dale Cato v. Konica Minolta Business Solutions U.S.A., Inc.*

    c.    "Claims" includes all claims and allegations in the Lawsuit, and all claims and allegations that CATO could have brought against KMBS related to unpaid wages, whether known or unknown, under all federal, state, and local wage and hour laws.

2.    <u>CATO Releases KMBS from All FLSA Claims</u>

    a.    CATO knowingly and voluntarily releases and forever discharges KMBS from all FLSA Claims he has or may have up to and including the date this Agreement is fully executed by the Parties (the Effective Date) and approved by the Court.

    b.    CATO acknowledges and agrees that after receipt of the sums referenced in paragraph 3 herein, he will have been fully and properly paid for all hours worked; is not currently aware of any facts or circumstances constituting a violation of the FLSA, except to the extent alleged in the Lawsuit; and, to the greatest extent permitted by applicable law, waives and releases any and all claims under the FLSA. The Parties acknowledge and agree that this Agreement and FLSA Release is intended to be construed as broadly as possible pursuant to the FLSA.

    c.    If the Court approves this Agreement, CATO shall dismiss with prejudice his claims by filing a stipulation of dismissal with prejudice, advising the Court only that the Parties have resolved the issues under the FLSA; that all counsel of record agree CATO has been paid for all claims under the FLSA; and further, that the fees being paid to his counsel are reasonable.

    d.    KMBS makes no representation to CATO or his attorneys as to whether any Settlement Sums are subject to taxation by any federal, state, local, or other taxing authorities. CATO agrees to be solely and completely responsible to pay all taxes for which he is legally responsible on the Settlement Sum paid to himself or his attorneys. Moreover, CATO agrees to indemnify KMBS and hold it harmless from any taxes, penalties, or interest imposed

*Settlement Agreement and FLSA Release*
*Dale Cato v. Konica Minolta Business Solutions U.S.A., Inc.*

against any Settlement Sum or as a result of any failure by CATO to pay any taxes for which he is legally responsible on the Settlement Sum.

3.    <u>Settlement Sum and Payments</u>

a.    In consideration for CATO entering into this Agreement and complying with the promises made herein, KMBS shall pay CATO, a total sum of Five Thousand Dollars ($5,000.00) ("Settlement Sum").  This Settlement Sum shall be paid as follows:  within 30 days of receipt by KMBS's attorney of the Agreement executed by CATO and completed W9s, and Court approval of the Agreement (whichever is later), KMBS shall mail the Settlement Sum (less applicable withholdings) via Federal Express to Noah Storch, CATO's attorney.   The Parties agree that KMBS shall issue a Form W-2 for CATO's alleged back overtime wages and Form 1099s for the other payments made to CATO and his attorneys.

The payment of $5,000.00 consists of the following:

i.    $1,250.00, less statutory withholdings, to CATO for alleged back overtime wages and $1,250.00 to CATO for alleged liquidated damages.  CATO agrees to provide a current W-9 Form prior to the issuance of this check.

ii.    $2,500.00 shall be made payable to Richard Celler Legal, P.A. for alleged attorneys' fees and costs for which an IRS Form 1099 will be issued at the appropriate time. The law firm of Richard Celler Legal, P.A., agrees to provide a current W-9 Form prior to the issuance of this check.

CATO understands and agrees that KMBS would not make these payments but for CATO entering into this Agreement.

*Settlement Agreement and FLSA Release*
*Dale Cato v. Konica Minolta Business Solutions U.S.A., Inc.*

4. KMBS Denies Any Liability or Wrongdoing

KMBS denies any liability for CATO's FLSA Claims. By entering into this Agreement, all Parties deny any liability or wrongful conduct. The Parties have agreed to enter into this Agreement to avoid the cost and uncertainty from continuing their disputes.

5. No Participation in Future or Current Claims and Lawsuits

CATO hereby agrees not to initiate or continue any action or proceeding or to sue KMBS, or to participate in the same, individually or as a member of a class or collective action, under any contract, law, or regulation, federal, state or local, pertaining in any manner whatsoever to CATO's alleged unpaid wages related to work he performed for KMBS., other than an action to enforce the provisions of this Agreement. In the event that either Party commences an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys` fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such actions.

6. Governing Law and Interpretation

This Agreement and FLSA Release shall be governed and conformed in accordance with the laws of Florida without regard to its conflict of laws provisions. Should any provision of this Agreement and FLSA Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, the remainder of this Agreement shall remain in full force and effect. In any claim, charge, complaint or action commenced, joined, brought on behalf of, or participated in by CATO related to unpaid wages, CATO agrees to notify

*Settlement Agreement and FLSA Release*
*Dale Cato v. Konica Minolta Business Solutions U.S.A., Inc.*

the government entity or court of the existence of this Agreement and that any such claims he may have had against KMBS have been resolved.

7.    Amendment

This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement, with Court approval.

8.    Entire Agreement.

This Agreement sets forth the entire agreement between the Parties hereto with respect to CATO's wage and hour claims, and fully supersedes any prior agreements or understandings between the Parties.

9.    Authorization.

The persons signing this Agreement represent and warrant that they are duly authorized to execute it on behalf of the Parties and to bind said Parties to the terms, conditions, provisions, duties and obligations set forth herein.

10.    Full Reading and Understanding; Opportunity to Consult Counsel.

CATO HAS READ THIS ENTIRE AGREEMENT CAREFULLY AND REPRESENTS THAT HE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. CATO AGREES THIS AGREEMENT IS WRITTEN IN A MANNER CALCULATED TO BE UNDERSTOOD BY HIM AND THAT IF HE DOES NOT UNDERSTAND ANY PART OF THIS AGREEMENT, HE HAS HAD A FULL OPPORTUNITY TO HAVE IT EXPLAINED TO HIM BY HIS ATTORNEYS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO CATO ABOUT THIS AGREEMENT, OR TO INDUCE CATO TO SIGN THIS AGREEMENT, ARE CONTAINED IN THIS

*Settlement Agreement and FLSA Release*
*Dale Cato v. Konica Minolta Business Solutions U.S.A., Inc.*

AGREEMENT. CATO AGREES THAT HE WAS NOT PRESSURED OR COERCED IN ANY WAY TO SIGN THIS AGREEMENT. CATO IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS HE HAS OR MAY HAVE AGAINST KMBS REGARDLESS OF THE DISCOVERY OF NEW FACTS.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

_____          2 - 19 - 2020
DALE CATO                         Date

KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.

_____          3/4/2020
By:                              Date
     Brian J. Cupka
     EVP & General Counsel

Page **6** of **6**