UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DALE CATO,**

        **Plaintiff,**

**v.**                                              Case No:  6:19-cv-2103-Orl-22DCI

**KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Review and Approval of Parties' Settlement Agreement and Dismissal with Prejudice (Doc. 19)** |
| **FILED:** | **March 5, 2020** |

**THEREON** it is **Recommended** that the motion be **GRANTED in part**.

**I.**    **Background**

Plaintiff brought this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA). Doc. 1. The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 19 (the Motion); 19-1 (the Agreement). Under the Agreement, Plaintiff will receive $1,250.00 in unpaid wages, $1,250.00 in liquidated damages, and $2,500.00 in attorney fees and costs. Doc. 19-1. The parties argue that the Agreement represents a reasonable resolution of Plaintiff's FLSA claims, and the parties request that the Court grant the Motion and dismiss the case with prejudice.

Doc. 19. The parties also request that the Court retain jurisdiction to enforce the terms of the Agreement. *Id*. at 2.

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. Discussion

#### A. The Settlement

The parties assert that the Agreement reflects a fair and equitable resolution of the disputed issues in this case. Doc. 19 at 2-4. The parties have been represented by counsel throughout this case, exchanged information, and engaged in settlement discussions. *Id*. Plaintiff, a salaried employee, "alleged that he was a non-exempt employee who should have been paid time and one-half his regular rate of pay for all hours he worked in excess of forty (40) hours." *Id*. at 3-4. "Defendant, however, denies Plaintiff's allegations and contends that Plaintiff was, in fact, paid properly for all hours worked and that he was an exempt employee." *Id*. at 4. The parties assert that the Agreement "is fair and reasonable give the existence of multiple disputed legal and factual issues involving Plaintiff's claims, including whether Defendant owed any relief to Plaintiff at all." *Id*. Plaintiff will receive damages as part of the settlement in the amount of $1,250.00 plus liquidated damages in the amount of $1,250.00. *Id*. The undersigned finds that this is a fair and reasonable compromise based on the reasons articulated in the Motion. Therefore, it is

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

**RECOMMENDED** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, an allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

However, in the Motion, the parties request that the Court retain jurisdiction to enforce the Agreement. Doc. 19 at 2. The parties provided no legal authority or discussion for this request and, as such, it fails under Local Rule 3.01(a). Thus, it is **RECOMMENDED** that the Court not retain jurisdiction to enforce the Agreement.

### C. Attorney Fees and Costs

Plaintiff's counsel will receive $2,500.00 in attorney fees and costs for representing Plaintiff in this case. Doc. 19 at 5. The parties state that the attorney fees were "negotiated separate from and without regard to the amount paid to Plaintiff to settle Plaintiff's alleged FLSA claim." *Id*. The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 19) be **GRANTED in part**;

2. The Court find the Agreement (Doc. 19-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;

3. The Motion be **DENIED** to the extent it requests that the Court retain jurisdiction to enforce the Agreement;

4. The case be **DISMISSED with prejudice**; and

5. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 5, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties